IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DANISE MAURICE FORTUNE,

           Petitioner,

v.                                     CIVIL ACTION NO.    2:23-cv-00411
                                     CRIMINAL ACTION NO.  2:22-cr-00069

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner Danise Maurice Fortune's ("Petitioner") two Motions to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, (ECF Nos. 37, 38);[1] a motion to dismiss contained in Respondent United States of America's ("Respondent") Response to Petitioner's § 2255 motion, (ECF No. 45); and Petitioner's "Motion Pursuant to De Nova [sic] Review," (ECF No. 50). By Standing Order entered on May 26, 2023, (ECF No. 39), this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Eifert filed her PF&R on May 23, 2024, recommending that this Court grant Respondent's motion to dismiss, (ECF No. 45); deny Petitioner's § 2255 motions, (ECF Nos. 37, 38); deny as

---

[1] Petitioner's motion, (ECF No. 38), was filed separately in Case No. 2:23-cv-00411 and Case No. 2:23-cv-00412. The two cases were consolidated, and Case No. 2:23-cv-00411 was designated as the lead case. (ECF No. 43.) This Court dismisses both cases.

1

moot Petitioner's "Motion Pursuant to De Nova [sic] Review," (ECF No. 50); and dismiss this action with prejudice. (ECF No. 55.)

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due by June 10, 2024. (ECF No. 55.) To date, no objections have been filed. Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 55), and **GRANTS** Respondent's motion to dismiss, (ECF No. 45); **DENIES** Petitioner's two § 2255 motions, (ECF Nos. 37, 38); **DENIES AS MOOT** Petitioner's "Motion Pursuant to De Nova [sic] Review," (ECF No. 50); and **DISMISSES** this action **WITH PREJUDICE**. The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court are debatable or wrong and that any dispositive procedural ruling is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Because Petitioner has not made a substantial showing of the denial

of a constitutional right in the § 2255 Motion, the Court **DENIES** a certificate of appealability. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 23, 2024

THOMAS E. JOHNSTON, CHIEF JUDGE